Alexander **AKOPIAN**, Petitioner,

v.

Michael B. **MUKASEY**, Attorney General, Respondent.

No. 07–73091.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 7, 2008.*

Filed Jan. 10, 2008.

Alexander Akopian, Glendale, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Peter H. Matson, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, SILVERMAN and GRABER, Circuit Judges.

MEMORANDUM **

This is a petition for review from the Board of Immigration Appeals' ("BIA") denial of a motion to reopen based on ineffective assistance of counsel.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Respondent's unopposed motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard). The regulations provide that a motion to reopen "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." 8 C.F.R. § 1003.2(c)(2). The BIA did not abuse its discretion in denying petitioner's motion to reopen, filed nearly two years after the final administrative decision was rendered. *See Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003). Nor did the BIA abuse its discretion in declining to equitably toll the 90–day time limit where the BIA determined that petitioner failed to act with due diligence in pursuing his ineffective assistance of counsel claim. *Id.* at 889, 897. Accordingly, this petition for review is denied.

All other pending motions are denied as moot.

The temporary stay of removal shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.